This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**FARMERS INSURANCE COMPANY OF ARIZONA,**

Plaintiff/Counter-Defendant-Appellants,

v.                                                      **NO. 28,859**

**XIAN CHEN,**

Defendant/Counter-Plaintiff-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY**
**James A. Hall, District Judge**

O'Brien & Padilla, P.C.
Daniel J. O'Brien
Albuquerque, NM

for Appellant

Law Office of James A. Branch, Jr.
James A. Branch, Jr.
Albuquerque, NM

Law Office of Brian K. Branch
Brian K. Branch
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

This case comes to us on remand from the New Mexico Supreme Court for further consideration in light of *Progressive Northwestern Insurance Co. v. Weed Warrior Services*, 2010-NMSC-050, ___ N.M. ___, ___ P.3d ___. *See* Order, *Farmers Ins. Co. of Ariz. v. Chen*, S. Ct. No.32,243, dated Nov. 3, 2010. We conclude on remand that *Weed Warrior* and our Supreme Court's related decision in *Jordan v. Allstate Insurance Co.*, 2010-NMSC-051, ___ N.M. ___, ___ P.3d ___ (consolidated with *Romero v. Progressive Nw. Ins. Co.*, and *Lucero v. Trujillo*), does not change our prior decision filed on January 26, 2010 (*Farmers I*), affirming the district court's order granting summary judgment in favor of Mr. Chen. *Farmers Ins. Co. of Ariz. v. Chen*, 2010-NMCA-031, ¶ 28, 148 N.M. 151, 231 P.3d 607.

**DISCUSSION**

At our request, the parties filed supplemental briefs addressing our Supreme Court's disposition in *Weed Warrior* and *Jordan*. Mr. Chen urges us to affirm our prior ruling because it is consistent with our Supreme Court's holdings in *Weed Warrior* and *Jordan*. Farmers Insurance Company of Arizona (Farmers), on the other

2

hand, argues that (1) the rule set forth in *Jordan* requiring insurers to provide information concerning premium charges for each available UM/UIM coverage should not be applied retroactively to the *Farmers I* case; and (2) the Chen policies meet the rejection requirements of the UM statute and regulation as they were interpreted prior to *Montano v. Allstate Indemnity Co.*, 2004-NMSC-020, 135 N.M. 681, 92 P.3d 1255 . For the reasons that follow, we disagree with Farmers. We take its arguments in reverse order.

Farmers challenges this Court's prior determination that Farmers failed to meet the "written rejection" and "attached notification" requirements as defined in *Marckstadt v. Lockheed Martin Corp.*, 2010-NMSC-001, 147 N.M. 678, 228 P.3d 462. We observe that Farmers is essentially rearguing its position on this issue set forth in *Farmers I*. On remand, Farmers asks us to abandon our prior ruling and adopt the dissenting opinion's view in that decision. We are unable to do so. We conclude that we are constrained to cleave to our prior ruling by both *Weed Warrior* and *Jordan*. *Weed Warrior* makes plain that an election to take UM/UIM coverage in an amount less than the policy liability limits is a rejection under our under insured motorist statute. There is simply no room for argument on the issue. *Jordan* is similarly clear with regard to the "written rejection" and "attached notification" requirements for an effective rejection. Factually, we see no meaningful distinction

3

between this case and the policy and circumstances described in *Jordan* at paragraphs 5 through 7. *Jordan* found there was not effective rejection in those circumstances, and we see no way to exempt this case from the *Jordan* ruling. In addition, *Jordan* makes clear that insurers must provide their insureds with information concerning premiums associated with different levels of UM/UIM coverage. 2010-NMSC-051, ¶¶ 20-21. There is no indication in this record that that was done. Given *Jordan's* ruling concerning application of its holding, we cannot escape its application here.

Farmers other argument on remand is that the rule set forth in *Jordan* requiring insurers to provide information concerning premium charges should not be applied retroactively to the facts of this case. Specifically, Farmers contends that *Jordan* established a new rule of law that was not evident when the Chen policies were issued in 1998 or when Mrs. Chen's accident occurred in 2001.

Our Supreme Court in *Jordan* made clear that it is unreasonable for insurers to believe that the plain language of NMSA 1978, Section 66-5-301 (1983), and 13.12.3.9 NMAC (5/14/2004) does not apply to an insured's decision to purchase UM/UIM coverage in less than maximum amounts. *Jordan*, 2010-NMSC-051, ¶ 27. Further, the Court noted that its holding requiring "insurers to provide premium costs for each available UM/UIM coverage level . . . is based on settled principles articulated in twenty years of UM/UIM jurisprudence." *Id.* Consequently, "the

equities do not favor any form of prospective-only application." *Id.* ¶ 29.  We see nothing different in the application of the facts in *Jordan*, *Romero*, and *Lucero* that would warrant a different result in this case.

**CONCLUSION**

We hold that *Weed Warrior* and *Jordan* do not change the conclusion in our January 26, 2010, formal opinion that the district court did not err by granting summary judgment in favor of Mr. Chen.  We therefore see no basis on which to change or overrule, and we affirm this Court's ultimate disposition in our January 26, 2010, opinion affirming the district court.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**